## N. Y. COMMON PLEAS.

PATRICK FEERICK, plaintiff and appellant, agt. WILLIAM C. CONNER, as late sheriff, defendant and respondent.

*Sheriff — Escape — Liability of outgoing sheriff for failure to deliver prisoner to his successor — Jail limits.*

An outgoing sheriff cannot be held liable for failure to deliver to his successor, or for the escape of a prisoner held upon execution against the person, who was in custody of such outgoing sheriff, confined within the jail limits, where no certificate of election is shown to have been served by the incoming sheriff upon the outgoing sheriff, because until such service the powers of the outgoing sheriff, as to prisoners in his custody, remain unchanged; and therefore there could be no escape so long as the prisoner was in actual custody, and had not left the jail limits.

*General Term, March,* 1881.

THE plaintiff commenced in April, 1877, this action. In his complaint he alleges the recovery of a judgment in his favor against one John O'Grady, in October, 1874, the issuing of an execution against the property of the defendant and its return unsatisfied, the issuing of an execution in June, 1876, against the person of said O'Grady, his arrest by the sheriff prior to the 1st of January, 1877, the expiration of the term of office of the defendant on the 1st of January, 1877, the election of Bernard Reilly as sheriff in place of the defendant, the service upon defendant on the 2d of January, 1877, of a certificate of the clerk of the city and county of New York, under his official seal, certifying that the said Bernard Reilly had qualified as such new sheriff and given the security as required by law, the failure of the defendant within ten days after the service on him of said certificate to deliver to his successor, the new sheriff, the said John O'Grady, who then remained in custody of the said defendant, confined within the liberties of the jail of the city and county of New York.

Feerick agt. Conner.

The answer of the defendant put in issue all these allegations of the complaint with the exception of admitting the arrest of the defendant. The evidence in the case showed the recovery of the judgment, the issuance of an execution against the property, the issuance of an execution against the person, the arrest of the defendant, and that the defendant turned over the jail and the prisoners actually confined within its walls to Mr. Reilly, the incoming sheriff, and that O'Grady was never transferred by the defendant to Reilly, as sheriff.

Upon the trial of this action the complaint was dismissed, and from the judgment thereupon entered this appeal is taken.

*E. P. Wilder*, for appellant.

*H. B. Bookstaver*, for respondent.

VAN BRUNT, *J.* — This action is one which is entirely technical in its character and is a right given expressly by statute. The theory under which the statute proceeds is that within ten days after the certificate of election by an incoming sheriff is served on the outgoing sheriff, all powers of the outgoing sheriff cease and determine with the exception of completing the execution of process partially executed. It necessarily follows that the power of the outgoing sheriff to retain in his custody or to arrest any prisoners by virtue of any process terminates after the ten days have expired from the service of the said certificate. Therefore as to the prisoners who have not been actually transferred to the new sheriff, there is no officer who has the right to restrain them of their liberty, and they are in the eye of the law at large. The new sheriff has no control over the prisoner. because he has never been transferred to him. The old sheriff cannot restrain the prisoner of his liberty because after the ten days the old sheriff has lost all the powers appertaining to his office.

The plaintiff in his complaint in this action has alleged that

because within ten days after the service of the certificate of the election of the new sheriff, the old sheriff has failed to transfer the prisoner, he has a right under the statute to maintain this action. The evidence entirely fails to establish this cause of action, because no certificate has ever been served by the incoming sheriff upon the outgoing sheriff. It is to be observed that the sheriff is not bound to confine at all prisoners taken upon execution, and that he has a right to allow a prisoner taken upon execution, the limits without any bond, and all the liability that he incurs is that the prisoner shall not leave the jail limits. It would be no escape if the sheriff should confine a prisoner elsewhere than in the jail, as long as he was within the jail limits, or that he had allowed him to go upon the limits without a bond, and he would be just as much, in either of those cases, in the custody of the sheriff as though he was actually confined within the four walls of the jail. As a consequence, the fact that the prisoner is not found within the four walls of the jail at the time of this transfer by the outgoing sheriff to the incoming sheriff is no evidence whatever of an escape. Therefore, the facts proven upon the trial of this cause do not show that there has been an escape, or that the authority of the outgoing sheriff, as to any prisoners upon the limits, has ceased and determined by reason of the service of the certificate required by law.

In the case of *Hempstead* agt. *Weed* (20 *Johnson*, 73) the right of the old sheriff to retain the custody of prisoners not turned over to the successor is expressly recognized. It is true that that case was decided prior to the revision of the statutes, but there is little difference in principle between the certificate of discharge and the service of the notice before mentioned. The only difference between the two cases being that in the one case the outgoing sheriff is the actor and in the other case the incoming sheriff performs the duty. In the case of *Smallman* agt. *Lanes* (2 *Leonard*, 54) it was expressly held that there could be no escape, so long as the prisoner was in actual custody and not at large, and it was said by one of the justices

Feerick agt. Conner.

that it is an escape in the old sheriff as soon as his authority is determined and the prisoner not delivered.

In the case at bar there has been no action taken which has terminated the authority of the outgoing sheriff. In the case of *Partridge* agt. *Westervelt* (13 *Weed*, 504) the same principle is recognized, because in that case it is said that the common law considered the prisoners in the custody of the old sheriff until assigned to the new, and the Revised Statutes retain the same principle.

In the case of *Hynes* agt. *Doubleday* (21 *Wend.*, 227) it is expressly stated that the powers of the old sheriff in relation to all prisoners in his custody does not determine with the termination of his term of office, but ceases only within ten days after the service of a certificate that the new sheriff had entered upon the duties of his office. It would, therefore, seem to be established, both by the statute and authority, that until the certificate is served by the incoming sheriff upon the outgoing sheriff the powers of the outgoing sheriff, as to prisoners in his custody, remain unchanged, and that the fact that he has turned over some prisoners to the incoming sheriff does not affect his powers as to the custody of prisoners not transferred is expressly recognized in the case of *Smallman* agt. *Lanes* (*supra*).

I think, therefore, that the judgment of the court below was entirely right, and that no action could be maintained upon the facts established upon the trial of this action.

The judgment must therefore be affirmed, with costs.